**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| STEVE ROUSE,<br><br>       Plaintiff,<br><br>v.<br><br>TEXAS CAPITAL BANK;<br>MIKE CALHOUN, individually;<br>TOMMY DAVIS, individually; and<br>JERRY NORFIELD, individually,<br><br>       Defendants. | Case No. CIV-11-300-RAW |

## <u>ORDER</u>

Before the court are Plaintiff's motion to remand [Docket No. 16][1] and Defendant Jerry Norfield's joinder in Plaintiff's motion to remand [Docket No. 41]. Plaintiff and Defendant Norfield argue that Texas Capital Bank (hereinafter "TCB") improperly removed this case in order to prevent the state court from entering judgment on a jury verdict and that TCB is requesting this court to act as an appellate court and review the entire record of the state court to determine whether the pre-trial actions of the state court were proper and whether the jury verdict is valid.

Plaintiff and Defendant Norfield argue that: (1) complete diversity does not exist, (2) TCB waived its right to seek removal, and (3) the Notice of Removal and Amended Notice of Removal are procedurally defective. Both Plaintiff and Defendant Norfield are residents of Choctaw County, Oklahoma. The other Defendants do not reside in Oklahoma.

---

[1]The motion was timely filed within thirty days after the filing of the notice of removal in accordance with 28 U.S.C. § 1447(c).

**Background**

*The Petition*

Plaintiff filed a Petition against Defendants in the Choctaw County district court on May 11, 2010, alleging fraud, breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment, constructive trust, tortious interference with a business relationship, civil conspiracy, and constructive fraud and estoppel by silence. Plaintiff requested actual and punitive damages in amounts exceeding $10,000.00.

In his Petition, Plaintiff alleges, *inter alia*, the following facts. Plaintiff and Defendant Norfield entered into a partnership in 1996 under the name Tri-County Autoplex to sell new and used automobiles. In 2007, Plaintiff and Defendant Norfield agreed to sell their interests in Tri-County Autoplex to Defendants Mike Calhoun and Tommy Davis. Under the terms of the sales agreement, Plaintiff ceased involvement with the daily operations of Tri-County Autoplex, while Defendant Norfield remained involved in the daily operations and Defendants Calhoun and Davis assumed primary responsibility for the daily operations. Beginning in 2007, Defendants allegedly conspired to and engaged in a scheme to fraudulently embezzle from Tri-County Autoplex and defraud Plaintiff of his share of the sales proceeds from Tri-County Autoplex.

*The Notice of Removal*

TCB filed its Notice of Removal on August 26, 2011 and its Amended Notice of Removal on August 29, 2011 (collectively the "Notice"), more than one year after the commencement of the action. TCB claims jurisdiction pursuant to 28 U.S.C. §§ 1332(a),

1441(a) and 1446(a) and (b). The jurisdictional amount pursuant to 28 U.S.C. § 1332(a) is not in dispute.[2]

TCB claims in its Notice that diversity jurisdiction arose for the first time during the final minutes of trial when in Plaintiff's counsel's closing arguments, Plaintiff effectively abandoned the claims against Defendant Norfield, the only non-diverse Defendant. Defendants Calhoun and Davis consent to removal. The consents, however, were not included within the Notice; TCB filed their consents on September 6, 2011, six days after Plaintiff's motion to remand was filed.[3] Defendant Norfield objects to removal.

*Timeline of the State Case*

The state court Petition was filed on May 11, 2010. The parties agree that this case was not removable initially because complete diversity did not exist. The trial commenced in state court on August 15, 2011. Testimony and evidence were presented over eight days. TCB acknowledges that Plaintiff "affirmatively pursued claims against Norfield up through the first portion of his counsel's closing argument to the Jury."[4] TCB's Response Brief [Docket No. 37],

---

[2]As shown by attachments to the Notice, the state court jury awarded Plaintiff $21,800,000 in actual damages and $43,600,000 in punitive damages.

[3]All defendants must consent to removal. Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). This does not mean, however, that all defendants must sign the notice of removal. Instead, the other defendants may file notices of consent to the removal within the thirty-day period allowed in § 1446(b). See Jarvis v. FHP of Utah, Inc., 874 F.Supp. 1453, 1254 (D. Utah 1995).

[4]While TCB acknowledges that Plaintiff pursued its claims against Defendant Norfield until his final closing argument, TCB also argues that Plaintiff's testimony during trial that he did not want to bring suit against Norfield, but did so because of his attorney's advice is evidence that Plaintiff fraudulently joined Defendant Norfield to avoid federal jurisdiction. The court is not convinced by this argument. Apparently, Plaintiff did not elaborate during this testimony as

pp. 2, 3, 4, 8, and 13.

TCB argues that within his final closing argument at trial on August 24, 2011, Plaintiff voluntarily dismissed his case against Defendant Norfield. TCB does not attach the transcript, but informs the court that during that final closing argument, Plaintiff's counsel stated that "it was a difficult decision for everybody to file this lawsuit against Jerry," noted that "Steve and Jerry were like brothers," and acknowledged that Norfield was "having a hard time with his wife's injuries" and his mother's illness. TCB also informs the court that with Plaintiff's counsel's tone of voice and hand gestures pointing to the verdict form, he prompted the jury to find against Defendants TCB, Calhoun and Davis, but did not prompt the jury to find against Defendant Norfield.

If the court is to accept TCB's account of Plaintiff's counsel's closing arguments without a transcript, it will also accept Plaintiff and Norfield's account. According to Plaintiff and Defendant Norfield, during the final closing argument, Plaintiff's counsel also told the jury: "I have no doubt Jerry was in on this," "as for Jerry Norfield I leave that up to you," and "you all decide on Norfield."

The jury went into deliberation directly following closing arguments on August 24, 2011. After approximately an hour or two of deliberation,[5] the jury delivered a verdict in favor of Plaintiff for $21,800,000 in actual damages against TCB, Calhoun and Davis, but not against

---

to the reason(s) behind his and his attorney's decision to name Norfield as a defendant. Most likely, the evidence against Norfield, as acknowledged by TCB and argued by Plaintiff's counsel in his closing arguments, is the reason for that decision. The court will not presume ill-motives where none are apparent.

[5]Plaintiff states that the jury deliberated for nearly two hours, while TCB states that the jury deliberated for less than an hour. This discrepancy will not bear on the court's ruling on the motion to remand.

Norfield. The court proceeded with the punitive damages phase the same evening. During this punitive damages phase of the trial, TCB did not mention its intent to remove, but instead: (1) assisted in the preparation of the punitive damages instruction and verdict form; (2) participated in the hearing related to the punitive damages instruction and verdict form; and (3) made opening and closing statements and called its corporate representative as a witness. The jury deliberated for more than an hour and then returned a verdict for $43,600,000 in punitive damages on the evening of August 24, 2011. At least forty hours after the verdicts were returned and approximately forty-eight hours after Plaintiff's counsel's final closing argument, on August 26, 2001, TCB filed its Notice of Intent to Remove.


**Analysis**

Section 1446(b) provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that *a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

28 U.S.C. § 1446(b) (emphasis added). TCB is attempting to remove this case on the basis of diversity jurisdiction more than one year after commencement of the action. "Moreover, there is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

TCB argues that the one year limitation should be waived because Plaintiff voluntarily dismissed the one non-diverse defendant, Defendant Norfield, in his final closing argument,

complete diversity now exists, and Plaintiff fraudulently joined Defendant Norfield to defeat federal jurisdiction. The court does not agree.

By TCB's own account, Plaintiff vigilantly maintained its action against Defendant Norfield even through his initial closing arguments. Plaintiff's counsel examined Defendant on the witness stand during the trial for several hours and presented substantial evidence showing Defendant Norfield's culpability in the alleged scheme to defraud Plaintiff and Tri-County Autoplex.

Defendant Norfield argues that he presented a good, aggressive defense and that he also established that during the time Defendants Calhoun and Davis were managing the dealership, he was away for significant amounts of time caring for his severely injured wife. TCB points out that Plaintiff's counsel recognized that Norfield could be regarded by a jury sympathetically, which might dampen the jury's willingness to award damages to Plaintiff. It follows then, that Plaintiff's counsel plausibly believed that the jury might not award any damages to Plaintiff if that meant the jury had to find against Norfield. Such a realization would explain Plaintiff's counsel's strategy in telling the jury that Plaintiff would understand if the jury decided not to find against Norfield. Nevertheless, all parties' insistence that the court engage in hindsight speculation of counsel's strategy and jury deliberations justifies the law's requirement that removal is presumptively invalid.

TCB has not shown that Plaintiff ever voluntarily dismissed his case against Defendant Norfield. TCB has not shown that Plaintiff joined Defendant Norfield solely to defeat federal jurisdiction with no intention of maintaining the action against him. The only thing TCB has shown is that at the last moment, Plaintiff's counsel realized the jury may view Defendant

Norfield sympathetically, and so told the jury that Plaintiff would understand if the jury found against TCB, Calhoun and Davis, but not Norfield.  Plaintiff's counsel also told the jury that it was their decision as to Norfield.  The jury had the option of finding against Norfield.  Norfield was and is a defendant in this action; thus, complete diversity does not exist.

Furthermore, if TCB believed that Plaintiff had voluntarily dismissed his case against the one non-diverse defendant, TCB should have *immediately* given notice of its intent to remove rather than awaiting the jury's verdict and then moving forward with the punitive damages phase of the trial.  See Walker v. American Tel. & Tel. Co., 684 F.Supp. 475, 478 (S.D. Tex. 1988) ("Where a nondiverse defendant is voluntarily dismissed during trial, the diverse defendant must give *immediate* notice of his intent to remove.  Since the removal statutes are to be strictly construed . . . , any conduct inconsistent with the requirement of immediate notification will result in an estoppel or waiver of the right to remove.").  By allowing the jury to render a verdict, allowing the trial to advance to the next stage, and completing the trial, TCB waived any right it may have had to remove.  Id.

In Walker, the diverse defendants waited somewhere between fifteen minutes to more than an hour before giving notice of their intent to remove.  The court ruled that they waived their right to remove.  The Walker court also pointed out that once trial has commenced, a notice is seasonable if it is given before the trial proceeds to the next stage.  Id. at 477.  TCB allowed the case to go to the jury, awaited the verdict for nearly an hour at least, then proceeded to the punitive damages stage of the trial.  TCB waived any right to remove.

Plaintiff also argues that the one-year limitation on removing cases pursuant to § 1332 should be strictly interpreted and enforced.  The court agrees, but will not expound upon this

issue, as the court has already determined that: (1) Plaintiff did not, in fact, voluntarily dismiss Defendant Norfield, and (2) even if Plaintiff had voluntarily dismissed Defendant Norfield, TCB waived any right to remove.


**Conclusion**

Complete diversity does not exist. Even if TCB correctly believed that Plaintiff voluntarily dismissed his case against Defendant Norfield in the closing minutes of trial, TCB waived any right to seek removal. Consequently, the motion to remand and joinder to the motion to remand [Docket Nos. 16 and 41] are hereby GRANTED. This case is hereby REMANDED to the District Court in and for Choctaw County, Oklahoma.

IT IS SO ORDERED this 23rd day of November, 2011.


**Dated this 23rd day of November, 2011.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma