**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEVE ROUSE,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-300-SPS** |
| | ) | |
| **TEXAS CAPITAL BANK, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION TO AWARD ATTORNEY FEES, COSTS AND SANCTIONS**

**COMES NOW** Plaintiff, Steve Rouse, by and through his attorneys of record, and hereby moves this Honorable Court to enter an order awarding attorney fees, costs and sanctions against Defendant Texas Capital Bank ("TCB"). In support of his Motion, Mr. Rouse would show the court the following:

1. On August 24, 2011 the jury in *Rouse v. Texas Capital Bank, et. al.* CJ-10-50; Choctaw County (the "Oklahoma Case") returned a verdict in favor of Mr. Rouse totaling $65,400,000 in damages.

2. On August 26, 2011 TCB removed the Oklahoma Case to the Court.

3. On August 27, 2011, counsel for Mr. Rouse sent a letter pursuant 12 O.S. §2011 (Oklahoma's equivalent to Fed. R. Civ. P. 11) requesting TCB to withdraw its Notice of Removal. (Exhibit "1").

4. Despite Receiving the Rule 11 letter, TCB did not withdraw its Notice of Removal.

5. On September 26, 2011, Jerry Norfield ("Norfield") filed his Joinder of Rouse's Motion to Remand in which he denied being dismissed as a party from the state court action.

1

6. Despite receiving Norfield's Motion, TCB did not withdraw its Notice of Removal.

7. On November 23, 2011, the Court entered its Order Remanding this case to the District Court in and for Choctaw County, State of Oklahoma.

8. Attorneys for Rouse have incurred significant attorney fees and costs related to the filing of the Motion to Remand.

9. TCB's removal has delayed the accrual of post-judgment interest.

## ARGUMENT AND AUTHORITY

Both TCB and counsel for TCB acted in bad-faith in filing its Notice of Removal. Pursuant to 28 U.S.C. §1446 this Court has the authority to award attorney fees and other costs. Pursuant to Rule 11, the Court has the authority to sanction TCB for its bad-faith removal of this action.

### I. Mr. Rouse is entitled to recover attorney fees and costs.

Mr. Rouse's attorneys have spent and inordinate amount of time responding to TCB's Notice of Removal. In its Notice of Removal and subsequent filings, TCB has described its theory of removal as being "rare" and cobbled together an argument that stretched the boundaries of logic and reason. As a result, numerous hours were spent researching and drafting the Motion to Remand as well as the Reply to TCB's Response. Title 28 U.S.C. §1447 (c) permits the Court to award of attorney fees and costs:

> …An order remanding the case may require payment of just costs and any actual expenses, including attorney fees incurred as a result of the removal.

Mr. Rouse requests this Honorable Court enter an order requiring TCB to pay attorney fees and costs.

To date, Rouse's attorney Doug Stall of the Stall Law Firm has incurred $15,242.50 in attorney fees. A copy of that bill is attached as Exhibit 2. An affidavit demonstrating the reasonableness of Mr. Stall's fee is attached as Exhibit 3. To date, Rouse's attorneys Mark Steele and Marcus Ratcliff have incurred attorney fees in the amount of $28,645.00 and costs of $1,420.50. A copy of that bill is attached as Exhibit 4. An affidavit demonstrating the reasonableness of Mr. Steele's fee is attached as Exhibit 5. An affidavit demonstrating the reasonableness of Mr. Ratcliff's fee is attached as Exhibit 6. An affidavit demonstrating the costs incurred by the law firm of Latham, Wagner, Steele & Lehman is attached as Exhibit 7.

**B.    Award of other sanctions.**

Immediately after receiving TCB's Notice of Removal, Mark Steele sent a letter to TCB counsel Leif Swedlow invoking the safe harbor provisions of 12 O.S. §2011.[1] In that letter Mr. Steele requested that TCB withdraw its Notice of Removal. TCB refused. Even after Norfield joined Rouse's Motion to Remand in which he asserted that he had not been dismissed and was still a defendant, TCB refused to withdraw its Notice of Removal. Clearly, TCB's removal has served no legitimate interest and has resulted in TCB receiving a significant financial benefit.

Courts have sanctioned defendants when it is clear that the removal was made in bad-faith. In *Davis v. Veslan Enterprises, et. al. v. McGraw-Edison, et. al.* 765 F.2d 494 (5th Cir. 1985) the diverse defendant removed the case prior to the state court judgment being entered arguing that the non-diverse defendant had been dismissed in closing argument. After analyzing the plaintiff counsel's closing argument, the district court found that the non-diverse defendant had not been dismissed. The district court concluded that the diverse defendant acted in bad-faith and awarded sanctions pursuant to Rule 11.

---

[1] 12 O.S. §2011 is the Oklahoma equivalent to Fed. R. Civ. P 11

In affirming the district court's order grating sanctions, the *Davis* Court held that the defendant should not be able to profit from a removal filed in bad-faith. The Court noted that Texas law did not permit the accrual of interest until the judgment was entered. The Court found that the defendant "stood to derive a significant financial benefit from delaying entry of the judgment even if the effort was unsuccessful." *Id*. At 496. The Court went on to say:

> Counsel for Wagner also argues that its attempted removal was "not interposed for any improper purpose, such as to harass or to cause unnecessary delay" under the terms of *Rule 11*. Wagner's argument does not persuade. Under the existing state of law in Texas at the time of the removal petition, Wagner's petition for removal delayed entry of the state court judgment and would have saved Wagner a substantial amount of interest if sanctions had not been imposed. This circumstance, coupled with the lack of plausibility of Wagner's argument, made it reasonable for the district court to infer that one purpose of the removal petition was to delay entry of the state court judgment.

*Id.* at 499-500. The *Davis* Court upheld the district court's sanction of awarding plaintiff the amount of interest incurred from the date of the verdict until the date of the remand.

In the instant case, TCB has derived a significant financial benefit by removing this case. By removing this case, TCB has saved itself hundreds of thousands of dollars in post-judgment interest. Under Oklahoma law, post-judgment interest does not accrue until the judgment is filed. Applying the current interest rate to the verdict, the *per diem* rate of post-judgment interest is $9,406.85. Assuming the judgment had been entered on August 31, 2011 the Plaintiff has avoided the accrual of $790,175.40 in post-judgment interest.

Should Rouse ultimately prevail on the state court appeal, Rouse would be deprived of receiving the post-judgment interest that Oklahoma law permits. Accordingly, Rouse should be awarded sanctions for the amount of post-judgment incurred from the date of the removal to the date of the order remanding this matter to state court at the rate of $9,406.85 per day.

**CONCLUSION**

Based upon the foregoing, Mr. Rouse prays the Court award: (1) attorney fees in the amount of $43,887.50; (2) costs in the amount of $1,420.50; and (3) sanctions in the amount of $790,175.40.

Respectfully Submitted,

  /s/ Mark T. Steele
Mark T. Steele, OBA #14078
Marcus Ratcliff, OBA #19201
Brandy L. Shores, OBA #22187
LATHAM, WAGNER, STEELE AND
LEHMAN, P.C.
10441 S. Regal Blvd., Ste. 200
Tulsa, Oklahoma  74133
(918) 970-2000

and

/s/ Douglas E. Stall
Douglas E. Stall, OBA #13117
THE STALL LAW FIRM, P.L.L.C.
Spirit Tower
1800 S. Baltimore, Suite 900
Tulsa, Oklahoma  74119
(918) 743-6201
(918) 747-2965 – facsimile

***Attorneys for Plaintiff***

I hereby certify that on November 23, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark T. Steele msteele@lswsl.com, rarnold@lswsl.com
Ann E. Allison aallison@rhodesokla.com, kwarren@rhodesokla.com
Brian J. Goree* bgoree@lswsl.com
Vester Songer* vsonger@1starnet.com
Douglas E. Stall dstall@stalllawfirm.com
Kieran D. Maye, Jr kdmaye@millerdollarhide.com, receptionist@millerdollarhide.com, rhammond@millerdollarhide.com
Bob L. Latham, Jr* blatham@lswsl.com, sgillund@lswsl.com
Nathan E. Clark nclarkcourts@rhodesokla.com, mbryce@rhodesokla.com
David Pomeroy dpomeroy@andrewsdavis.com, sefibus@andrewsdavis.com
Marcus N. Ratcliff* mratcliff@lswsl.com
Leif E. Swedlow lswedlow@andrewsdavis.com, djperkins@andrewsdavis.com, gbbrandenberger@andrewsdavis.com
Seth A. Day sday@hallestill.com
Ambar I. Malik* amalik@lswsl.com
Brandy L. Shores* bshores@lswsl.com

I hereby certify that on 23rd day of November, 2011, I served the same document by: (U.S. Postal Service / E-Mail) on the following, who are not registered participants of the ECF system:

| | |
|---|---|
| Dwight Francis<br>Colin Martin<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Suite 3000<br>Dallas, TX 75201<br>**Attorney for Jerry Norfield** | Kevin T. Sain<br>KEVIN T. SAIN – ATTORNEY AT LAW<br>P.O. Box 29<br>2100 E. Washington, Suite C<br>Idabel, OK 74745 |
| Tommy Davis<br>P.O. Box 205<br>Yantis, TX 75497<br>**Pro Se** | Mike Calhoun<br>10827 Highway 154 South<br>Yantis, TX 75497<br>**Pro Se** |