# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

STEVE ROUSE,

    Plaintiff,

v.

TEXAS CAPITAL BANK;
MIKE CALHOUN, individually;
TOMMY DAVIS, individually; and
JERRY NORFIELD, individually,

    Defendants.

Case No. CIV-11-300-RAW

## ORDER

    Before the court is Plaintiff's motion for attorney fees, costs and sanctions [Docket No. 51]. Plaintiff points out that 28 U.S.C. § 1447(c) permits the court to award just costs and actual expenses, including attorney fees, incurred as a result of the removal. Plaintiff also points out that courts have sanctioned defendants when it is clear that a removal was made in bad faith. Plaintiff requests attorney fees in the amount of $43,887.50, costs in the amount of $1,420.50, and sanctions or post-judgment interest in the amount of $790,175.40.

    Texas Capital Bank, N.A. ("TCB") argues that Plaintiff's motion should be denied because TCB had an objectively reasonable basis for believing that Plaintiff had abandoned his claims against the non-diverse defendant and/or that the non-diverse defendant had been fraudulently joined. TCB also argues that Plaintiff's request for sanctions must be denied because Plaintiff failed to comply with the procedural requirements in Rule 11 of the Federal Rules of Civil Procedure and failed to show that TCB removed this action in bad faith.

    As TCB argues, absent unusual circumstances, this court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). TCB had an objectively reasonable basis for seeking removal of this case. The question of whether Plaintiff implicitly dismissed Jerry Norfield in his closing arguments was a close one. Additionally, because the question of whether Plaintiff implicitly dismissed Jerry Norfield was so close, TCB had an objectively reasonable basis for arguing that Plaintiff fraudulently joined him.

Plaintiff further argues that when TCB removed this case, it ignored decisions from the Northern District of Oklahoma strictly enforcing the one-year limitation in 28 U.S.C. § 1446(b). TCB argued in its response to the motion to remand that the one-year limitation should be waived because Plaintiff voluntarily dismissed the one non-diverse defendant, Jerry Norfield, in his final closing argument, complete diversity then existed, and Plaintiff fraudulently joined Jerry Norfield to defeat federal jurisdiction. Ultimately, the court did not agree with TCB. Nevertheless, some courts have waived the one-year limitation when a party was fraudulently joined, and there is no Tenth Circuit ruling on the issue. The Northern District's rulings on the issue do not negate TCB's objectively reasonable basis for seeking removal.[*] Thus, the motion for attorney fees and costs is denied.

Plaintiff also seeks sanctions, arguing that TCB's notice of removal was filed in bad faith. The court does not agree with Plaintiff's argument that TCB misrepresented Plaintiff's attorney's closing argument. The court also does not agree with Plaintiff's argument that TCB sought removal for any improper purpose. Additionally, as TCB argues, Plaintiff failed to comply with

---

[*]"The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another." Starbuck v. City and County of San Francisco, 556 F.2d 450 457 n.13 (9th Cir. 1977).

2

the procedural requirements of Rule 11 and has not shown that TCB acted in bad faith.  The motion for sanctions is also denied.

Accordingly, Plaintiff's motion [Docket No. 51] is hereby DENIED in its entirety.

IT IS SO ORDERED this 19th day of December, 2011.

**Dated this 19th day of December, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma